**UNITED STATES OF AMERICA,**
Plaintiff–Appellee,

v.

**Walter L. WILLIAMS, Defendant–**
**Appellant.**

**No. 00–4137.**

United States Court of Appeals,
Seventh Circuit.

Submitted March 5, 2001.[*]

Decided March 6, 2001.

Before EASTERBROOK, MANION, DIANE P. WOOD, Circuit Judges.

**ORDER**

Walter Williams appeals the denial of his motion for a sentence reduction based on postconviction rehabilitative efforts. We affirm.

Williams pleaded guilty in October 1997 to three counts of bank robbery, 18 U.S.C. § 2113(a), and was sentenced to concurrent 108–month terms of imprisonment. The government later asked the district court to reduce Williams's prison time because he cooperated in the prosecutions of

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. Fed. R.App. P. 34(a)(2).

**520**

two confederates, *see* Fed.R.Crim.P. 35(b), and in July 1998 the court resentenced Williams to concurrent 72–month terms of imprisonment. Two years later Williams requested a further reduction to reward his postconviction rehabilitative efforts, but the district court concluded that none of the bases Williams suggested–18 U.S.C. §§ 3553, 3582(c)(2), and 3742, and U.S.S.G. § 5K2.0–gave it jurisdiction to grant relief.

The district court properly determined that it lacked jurisdiction. Under 18 U.S.C. § 3582(c) a court is prohibited from modifying an imprisonment term once it has been imposed. There are three statutory exceptions, but only one is arguably applicable here. Section 3582(c)(2) provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." Williams maintains that 18 U.S.C. § 3553 (in conjunction with U.S.S.G. § 5K2.0) and 18 U.S.C. § 3742 permit the court to reduce his imprisonment term. But § 3553 concerns only the imposition of a sentence, and § 3742 concerns only appellate review of sentencing determinations. Because the provisions Williams cites do not provide a jurisdictional basis for the relief he seeks, we AFFIRM the judgment of the district court.